Murrell vs. Jackson & Manson.

No. 7209.

GEO. M. MURRELL vs. JACKSON & MANSON.

The lessee must suffer necessary repairs to be made during the existence of the lease and is not justified in abandoning the premises on that score.

APPEAL from the Sixth District Court for the parish of Orleans. *Rightor*, J.

### *Singleton & Browne* for Plaintiff and Appellee :

First—The defendants admit the execution of the lease sued on.

Second—The buildings were old and the work necessary to make them strong, safe and suffi-
cient, for the purposes for which the defendants leased the same, was repairs. Caffin vs.
Redon, 6 An. 487.

Third—The plaintiff offered to make the needed repairs, and the defendants were bound under
the law to allow the repairs to be made, which could have been done in less than fifteen
days, without serious inconvenience to the defendants; and the refusal of the defendants
to allow the repairs to be made and the abandonment of their premises, will not relieve
them from the payment of the rent. R. C. C. 2693, 2694, 2700; Scudder vs. Paulding, 4
Rob. 420; Pesant vs. Heartt, 22 An. 292; Diggs vs. Maury, 26 An. 384; Wilham vs. Lang-
ham, 28 An. 903.

### *Lacey & Butler* for Defendants and Appellants :

First—The work required to be done to the leased premises in order to put them in a condi-
tion suitable to defendants' business was not in the nature of repairs but of reconstruction.

Second—The building rented to defendants was not in a condition to be used for the purpose
for which it was leased.

Third—The leased premises were dangerous to life and limb.

For these, or any of the above causes, defendants were legally justified in abandoning the
property, and dissolving the lease. C. C. 2675, 2792, 2699, 2520; 6 An. 488; 14 An. 564; 26
An. 554.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for rent, claimed under a lease, evi-
denced in writing.

The defense is that the building was dangerous to life and limb, and
not in a condition to be used for the purpose for which it was leased.

The lease is silent as to the destination or object to which the build-
ing was to be affected. The inference is that the parties intended that
it should be used for one of the purposes to which it had previously
been put, or such other as would not impair its character or form, and,
in any event, endanger or affect its solidity; the question of destination
to be determined according to surrounding circumstances. Laurent, vol.
25, No. 257; Troplong, Louage, 299, 306, 308, 312, 345; Delvincourt, v. 3,
p. 192; Duranton, v. 17, p. 98; Duvergier, Cont. Toul. No. 396; Domat,
liv. 1, t. 4, Sec. 2, No. 10.

It is proved that the building was old, was not constructed for, and
had not the appearance of a warehouse; that, although it had been used
before to store salt, yet, to the knowledge of both or one of the defend-
ants, that article had not been previously stored in the *third* story—
which had scarcely ever been utilized, and that the building was in ap-
pearance not fit for such storage there.

The evidence establishes that, by moving up for manipulation, a
large quantity of salt in that upper story, the front wall and the third
floor threatened to give way. The defendants, apparently alarmed, asked

Murrell vs. Jackson & Manson.

that the building be made secure, but when the lessor sent mechanics to put things in proper order, they interposed objections and subsequently vacated the premises.

It is unnecessary to determine whether the work necessitated to place the building in a state of security, amounted to repairs or to construction. While the landlord had to maintain the building in tenantable order, R. C. C. 2692, 2695, the tenant was bound to enjoy it, as a good administrator; R. C. C. 2710, but the lessor is relieved from the obligation of keeping the building in good condition, or restoring it to the same, when it is made to require either by the fault of the lessee *volenti non fit injuria.* Laurent, Cours élementaire, v. 2, p. 483, No. 825; 19 L. 341; 9 R. 205; 9 An. 527; 27 An. 125; R. C. C. 2695, 2711.

As the lessor was ready and willing, at the instance of defendant, to have done what work was necessary to render the building secure, either by repairing or by constructing, the tenants, who were in fault, were bound to submit to a work which they had (even if accidentally) rendered necessary, which they had asked and which, in a short time, with little or no inconvenience to them, would have made the building perfectly secure. 11 L. 194 ; 6 An. 279, 487, 569 ; 12 An. 823.

The tenant must use the property so as not to destroy it. It has been accordingly held, in an analagous case, that where the lessee of a magazine for storing grain observes the joists giving way under the pressure of oats, in the second story, *he* should diminish the weight, or support the floor by temporary girders, the furnishing of which is no part of the repairs for which the lessor is liable. The case presents stronger facts than are shown in this instance. Durham vs. Adam, 9 An. 527.

Where the lessee makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by the lessor, the latter may obtain the dissolution of the lease, 7 R. 205, and the lessee is bound to pay the rent until the thing is again leased out, 11 R. 101, 6 An. 74, 1 An. 421, and is liable for all the losses which the owner may have sustained through his misconduct. R. C. C. 2711; 27 An. 124; 28 An. 688.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed with costs.

———

Poché, J. I dissent from the opinion of the majority in this case, and reserve the right of giving my reasons in writing at some future time.

Rehearing refused.