Young, Respondent, vs. Burhans and another, Appellants.

*October 20 — November 17, 1891.*

*Landlord and tenant: Covenant to repair: Breach: Abandonment by tenant: Liability for rent: Damages: Pleading.*

1. If no time is specified a lessor who covenants to repair is entitled to a reasonable time for performance.

2. It was a question for the jury in this case whether the repairs were made within a reasonable time, regard being had to the state of the weather, the condition of the premises, the progress being made by the city in the construction of a sewer by which water under the building had to be drained off, and the possibility of procuring competent workmen.

3. It was also a question for the jury whether the lessee was justified in abandoning the premises because the repairs were not made.

4. The covenants to repair and to pay rent being independent, a breach of the former did not relieve the lessee from paying rent while he occupied the premises.

5. Where the lessee occupied the premises as a hotel and conducted a profitable business therein, he could not claim an entire failure of consideration for the agreement to pay rent.

6. The rent to be paid was subject to be reduced by any damages sustained by reason of a breach of the covenant to repair.

7. In an action by the lessee to recover damages for a breach of the covenant to repair, the complaint need not allege performance by the plaintiff of all the conditions of the lease on his part.

Young vs. Burhans and another.

APPEAL from the Circuit Court for *Douglas* County.

Action by a lessee to recover damages for an alleged breach by the lessors of a covenant in the lease to level and repair the leased building. There was a verdict in favor of the plaintiff; a motion for a new trial was denied; and from the judgment on the verdict the defendants appeal.

*P. H. Perkins,* for the appellants, argued, among other things, that where no time for repairs is specified, the law presumes they are to be for the benefit of the lessee, and in a reasonable time. *Lunn v. Gage,* 37 Ill. 19, 87 Am. Dec. 233; *Pittman v. Sutton,* 9 Car. & P. 706; *Roberts v. Brett,* 34 L. J. C. P. Div. 241. Lessor's covenant to repair is usually independent of the covenant to pay rent. Gear, L. & T. § 107; *Hinckley v. Beckwith,* 23 Wis. 328. And performance by lessor is not a condition precedent to any liability on part of lessee for rent. *Newman v. French,* 45 Hun, 65; Taylor, L. & T. § 329; *Tibbitts v. Percy,* 24 Barb. 39; *Watts v. Coffin,* 11 Johns. 495; 1 Parsons, Cont. 501; *Surplice v. Farnsworth,* 7 Man. & G. 576; *Welshbillig v. Dienhart,* 65 Ind. 94; *Ellis v. McCormick,* 1 Hilton, 313; *Gourdin v. Davis,* 2 McCord, 514. Where covenants are dependent, neither party can recover against the other without performance or offer to perform on his part. Gear, L. & T. 87; *Hill v. Grigsby,* 35 Cal. 656; *Englander v. Rogers,* 41 id. 420; *Parker v. Parmele,* 20 Johns. 136; *Johnston v. Bates,* 48 N. Y. Super. Ct. 180; *Pordage v. Cole,* 1 Saund. 320.

*Alexander Athey,* for the respondent, cited *Shift v. East Waterloo Hotel Co.* 40 Iowa, 322; *Wilson v. Finch Hatton,* L. R. 2 Ex. Div. 336; *Hinckley v. Beckwith,* 23 Wis. 328; *Bullock v. Dommitt,* 6 T. R. 650; 4 Kent's Comm. 467; *Allen v. Culver,* 3 Denio, 284.

COLE, C. J. There is but little dispute about the material facts in this case. The plaintiff below leased of the de-

fendants certain premises in the city of Superior,— on which was a frame building that was intended for a store-room, hotel, or restaurant,— for the term of two years, commencing August 1, 1890, at and for the agreed rent of $120 a month, the rent to be paid on the 1st day of each month, in advance. The plaintiff entered into the possession of the demised premises about the date of the lease, July 28, 1890, and paid $20 on the rent. It is alleged in the complaint that when the plaintiff entered into the use and occupation of the premises they were not in good condition; that the building was untenantable, because it was not level so that the doors would shut; and that the plaintiff spent considerable money in fitting it up for use. The plaintiff continued to occupy the building until about the 8th of September, 1890, when he abandoned it because it was unfit for use and occupation as he claims. He claims damages for the failure of the defendants to put the building in proper repair. In the lease, the defendants undertook and promised to level the building, and in their answer they alleged that they did so as soon as the weather would permit and competent workmen could be obtained to do the work. The building had lowered in consequence of the foundation being imperfectly constructed, especially the center line of the foundation piling, and water was under the building, and it was not practicable for the workmen to drain off this water so as to make the necessary repairs.

Now, we suppose the law would allow the defendants a reasonable time for making the repairs, regard being had to the state of the weather, the condition of the premises, the progress the city was making in constructing the sewer in the rear of the lots, which afforded the only means of draining off the water, and the possibility of procuring competent men to do the work. In view of all these things, it was a question for the jury to say, upon the evidence, whether the defendants had kept their covenant or not.

But the plaintiff was bound to pay the rent according to the terms of the lease, while he occupied the premises. The covenant to pay the rent, and the covenant to make proper repairs, were independent of each other, and the failure of the defendants to keep their covenant did not relieve the plaintiff from his obligation to pay the rent while he remained in possession. It is familiar law that the breach on the part of the landlord by failing to make repairs does not furnish any ground for the tenant to resist the payment of rent while he occupies the premises. Tayl. Landl. & Ten. secs. 380 *et seq.; Allen v. Culver*, 3 Denio, 284; *Nichols v. Dusenbury*, 2 N. Y. 283.

The plaintiff confessedly remained in possession until after the rent for the second month became due, and abandoned the building a few days before the defendants commenced making the repairs. Whether he was legally justified in leaving the premises as he did is also a question for a jury to determine, under the circumstances.

There is no doubt but the plaintiff used and occupied the house until after the rent for September became due, and it is not pretended that such possession was valueless, though the condition of the building tended, no doubt, to diminish its enjoyment as an hotel or restaurant. But it is apparent from the complaint and evidence that the building was tenantable, for it is alleged that the plaintiff entered into the occupation of the premises, and commenced keeping an hotel or restaurant in the house, renting rooms, etc., and conducting a profitable business for a time, and the proof sustains the allegation. There is therefore no ground for a claim that there was an entire failure of consideration for the agreement to pay the rent as it fell due.

It is said the plaintiff incurred considerable expense in painting the building, putting in electric lights and fixtures, etc., on the faith that the defendants would keep their covenant and put the building in a level and proper condition.

Young vs. Burhans and another.

These may constitute proper items of damage, provided it is established that the defendants were at fault in not keeping their agreement. Of course, the liability of the plaintiff to pay the rent while in possession is subject to a deduction of any damage he sustained on account of a failure of the defendants to make the necessary repairs. It is possible the plaintiff may have suffered even greater damages, as he claims, than the rent will amount to, because he had to abandon the building and give up his business. But, if the defendants were in default, they must answer for any loss which the plaintiff sustained by the breach of their covenant. The general rule as to the measure of damages would control in the case. See *Poposkey v. Munkwitz*, 68 Wis. 322.

These general remarks will indicate our view of the case and of the responsibility of the parties.

We do not think there was any error in overruling the defendants' objection on the trial to the admission of testimony under the complaint. It was objected that the complaint was defective for the reason that there was no allegation that the plaintiff had duly performed all the conditions of the lease on his part. But a copy of the lease was annexed to and made a part of the complaint, and it is plain from the averments of the complaint that the cause of action relied on was the neglect of the defendants to level and repair the building according to the terms of the lease.

But the verdict in the case seems to be excessive and contrary to the evidence. The motion to set it aside on that account, we think, should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.