HENRY F. MILLER *vs.* JOHN J. MAGUIRE.

The mere fact that a lessor, at the time of executing a lease, knew of the lessee's intention to use the demised premises for the illegal sale of intoxicating liquors is not sufficient to render the lease void. *Almy* v. *Greene*, 13 R. I. 350, and *Allen* v. *Keilly, ante*, p. 197, affirmed.

The inability of a lessee to obtain a renewal of his license for the sale of intoxicating liquors on the leased premises because the power of the License Commissioners to grant a license had been taken away by the erection of a public school by the city of Providence within four hundred feet of the premises, is not an eviction.

To constitute an eviction which will operate either to annul a lease or to suspend the rent, some act must have been done by the landlord or by his procurement, with the intention and effect of depriving the lessee of the use and enjoyment of the demised premises in whole or in part.

COVENANT. Certified from the Common Pleas Division on an agreed statement of facts.

*January* 12, 1895. TILLINGHAST, J. The defendant claims

to be relieved from the payment of the rent stipulated in the lease on the following grounds, viz.:  1.  Because the lease was illegal in its inception on account of the use to which the lessee intended to put a portion of the premises, with the knowledge of the lessor; and, 2.  Because the lessee was evicted by reason of his failure to obtain a license for the sale of intoxicating liquors on the premises.

Under the decision of this court in *Almy* v. *Greene*, 13 R. I. 350, mere knowledge on the part of the lessor that the lessee intended to use the demised premises in violation of law, is not sufficient to render the lease void,—that in order to have this effect there must have been also some active participation on the part of the lessor in the illegal purpose of the lessee.  The doctrine thus laid down seems to be well supported by the authorities.  See also *Allen* v. *Keilly*, *ante*, p. 197.  All that the agreed statement of facts in this case bearing upon this question shows, is that the lessor at the time of executing the lease, knew that it was the intention of the lessee to use a part of the premises for the illegal sale of intoxicating liquors.  Moreover, as said by Lord Mansfield, in *Holman* v. *Johnson*, Cowp. 341, "The objection, that a contract is immoral or illegal as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant.  It is not for his sake, however, that the objection is ever allowed ; but it is founded in general principles of policy which the defendant has the advantage of contrary to the real justice, as between him and the plaintiff . . . . . not for the sake of the defendant, but because they will not lend their aid to such a plaintiff.  So, if the plaintiff and defendant were to change sides, and the defendant was to bring his action against the plaintiff, the latter would then have the advantage of it, for where both are *equally* in fault, *potior est conditio defendentis.*"  See also *Sullivan* v. *Horgan*, 17 R. I. 109.  The first ground upon which the defendant relies, therefore,. cannot be sustained.

We are also of the opinion that the second ground relied upon is untenable.  The statement of facts shows that the only reason why the lessee was unable to obtain a renewal of

his license after May 1, 1894, was because the city of Providence had erected a school house within the limit prescribed by law, Pub. Laws R. I. cap. 394,[1] thereby depriving the License Commissioners of any jurisdiction to grant a license for the sale of intoxicating liquors on said premises. But the act which deprived the License Commissioners of all jurisdiction in the premises was the act of the city of Providence in erecting said school house, and not in any sense the act of the landlord. And, in order to constitute an eviction which will operate either to annul the lease, or as a suspension of rent, the act complained of must have been done by the landlord, or by his procurement, with the intention and effect of depriving the lessee of the use and enjoyment of the demised premises in whole or in part. In *Royce* v. *Guggenheim*, 106 Mass. 201, Judge Gray adopts the definitions of an eviction, given in *Upton* v. *Townsend*, 17 C. B. 30, where Chief Justice Jervis said : "I think it may now be taken to mean this; not a mere trespass and nothing more, but something of a grave and permanent character, done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises." Mr. Justice Crowder said : "Eviction, properly so called, is a wrongful act of the landlord, which operates the expulsion or amotion of the tenant from the land." See also Taylor's Landlord & Tenant, 8th ed. §§ 378–381, and cases cited ; Tiedeman on Real Property, § 196. Moreover, the act of the city in building said school house did not deprive the lessee of the use of said premises or any part thereof for any lawful purpose excepting the sale of intoxicating liquors. And as it was no part of the contract of hiring that the lessee should use said premises for that purpose, the lessor is not at fault because the former is unable, from whatever cause, to make such use of the premises.

The Common Pleas Division is advised that the plaintiff is

---

[1] As follows :

SECTION 1. No license shall be granted for the sale of spirituous or intoxicating liquors, under the provisions of chapter 87 of the Public Statutes, in any building or place within four hundred feet of any public school.

entitled to judgment for the penal sum of the bond.   See cap. 26, § 3, of the Judiciary Act.

*Cyrus M. Van Slyck & Charles C. Mumford,* for plaintiff.
*George A. Littlefield,* for defendant.