F. M. FILKINS, Appellant, v. J. F. STEELE, Appellee.

Landlord and tenant: BREACH OF CONTRACT: VACATION. A lessee occupying rooms under a lease in which the landlord agreed to heat the same, but failed to do so, may, after demand for compliance with the contract, vacate the same without formal notice to the landlord, and he will not be liable for the sum agreed to be paid for heat.

*Appeal from Wright District Court.*— HON. J. R. WHITAKER, Judge.

FRIDAY, SEPTEMBER 30, 1904.

ACTION to recover rent. Trial to jury, and verdict and judgment for defendant. Plaintiff appeals.— *Affirmed.*

*Eugene Schaffter,* for appellant.

*J. W. McGrath,* for appellee.

BISHOP, J.— The demised property consists of a suite of office rooms in the second story of a brick building in Eagle Grove. The defendant is a dentist, and had occupied the rooms under a lease for one year ending October 15,

1901. The rooms are designed to be heated by steam heat, and in the lease was a provision that such heat should be furnished by the landlord, the tenant paying a fixed sum therefor in addition of the rental charge agreed. It is the claim of plaintiff that at the expiration of such lease period an extension for a further year was agreed upon, and that thereunder defendant continued to occupy the property until March 15, 1902, when he vacated the premises; that he has refused to pay the rent subsequently accruing, and has paid only one-half the sum agreed upon for heating the premises during the year. The defendant, while denying that an extension of the lease for a year was agreed upon, relies principally upon the special defense that he was compelled to vacate the premises owing to the failure upon the part of plaintiff to furnish sufficient heat to make the rooms habitable. The agreement to furnish heat was a part of the contract of lease, and, if plaintiff failed to perform his agreement in such respect, so that defendant was prevented from having the comfortable use and enjoyment of the premises, he is in no position to complain because of the abandonment by defendant and his refusal to make further payments of rent. *Piper v. Fletcher,* 115 Iowa, 263.

The question of fact involved was fairly submitted to the jury, and our reading of the record satisfies us that the verdict was warranted by the evidence.

There is no merit in the contention of appellant to the effect that there should be a reversal for that it appears defendant did not give notice of his intention to vacate. The evidence makes it clear that complaints were made concerning the lack of heat in the rooms, and it was threatened that vacation would take place unless the difficulty was remedied. Under such circumstances no formal notice was necessary, and the vacation was warranted. So, too, appellant may not be heard to complain because denied a recovery for the remaining half of the sum agreed upon for heating the rooms. As the jury found the rooms were not heated, the

right to recover could not exist. Other questions argued need not be discussed, as in no event could the result as reached be affected by a determination thereof.

We conclude that the judgment was right, and it is AFFIRMED.