JOHNSON, Respondent, vs. TUCKER, Appellant.

*September 30—October 20, 1908.*

*Landlord and tenant: Estoppel to deny landlord's title: Wife leasing rooms in husband's house: Constructive eviction: Court and jury: Special verdict: Form of questions.*

1. Where a married woman living with her husband in his house rented rooms therein and received the rentals as her own with his consent but not as his agent, one to whom she had so rented rooms could not, in an action by her for a balance of rent due, question her title to the premises.

2. Failure of a landlord for a considerable time to keep in repair the gas heater in a bath room is *held* not to have constituted, as matter of law, a constructive eviction of a lessee of rooms in the house.

3. A question in a special verdict, "Was the defendant evicted from the leased premises?" is *held* to have been proper, the jury be-ing duly instructed as to the law pertaining to constructive evic-tion. A suggested question, "Was the gas heater out of repair?" would have been immaterial, because relating to a merely evi-dentiary fact.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was commenced in justice's court to recover a balance of $46, alleged to be due the plaintiff from the defendant for rent of certain rooms, and to recover the further sum of $4 for gas furnished to the defendant. It was al-leged in the complaint that on May 22, 1906, plaintiff and defendant entered into an agreement whereby plaintiff leased to the defendant certain rooms in a dwelling house in the city of Madison for the term of one year at a rental of $23 per month, payable in advance, and that said defendant refused to pay the rent due on the 22d days of March and April, 1907. The defendant, by way of answer, alleged certain agreements made by the plaintiff to keep the premises in a proper state of repair, and a failure so to do on the part of the plaintiff, whereby the defendant was justified in vacating, and did vacate, the premises. The answer also denied all the allegations of the complaint not admitted. The trial in justice's court resulted in judgment for the plaintiff, from which judgment an appeal was taken and the case was tried before a jury in the circuit court for Dane county. A special verdict was returned by the jury, in which it was found: (1) That the defendant leased the rooms in question for one year from May 22, 1906. (2) That the plaintiff did not subsequently give the defendant permission to vacate the rooms before the expiration of the year. (3) That the defendant was not evicted from the leased premises. (4) That the plaintiff did not agree to accept $23 in full settlement of all claims against the defendant. Judgment was rendered on this verdict, and from such judgment this appeal is taken.

The defendant assigns as error: (1) Nonsuit should have been granted because the relation of landlord and tenant did not exist between the parties. (2) The court should have directed a verdict. (3) The special verdict is incomplete

and insufficient to sustain a judgment, in that there is no find-ing that the relation of landlord and tenant existed between the parties to the suit.    (4) Defendant's motion to change the answers in the special verdict should have been granted. (5) The court erred in submitting questions of law to the jury.

*F. K. Shuttleworth,* for the appellant.

*John C. Fehlandt,* for the respondent.

BARNES, J.    The appellant seeks a reversal of this judg-ment on three grounds: (1) Because the relation of landlord and tenant did not exist between the parties to the suit. (2) Because the defendant was evicted from the premises. (3) Because the special verdict was incomplete.

1. The first error assigned is predicated upon the proposi-tion that the plaintiff is a married woman living with her husband and that the house in question belonged to the hus-band, and, therefore, if rent was due to any one, it was due to him.    The testimony showed that the plaintiff, with the consent of the husband, for about fifteen years had been renting the rooms occupied by the defendant, and had been collecting rent all this time without let or hindrance from her husband, making such use thereof as she saw fit.    The defendant rented the rooms from the plaintiff and paid her ten months' rent therefor.    During this time the husband of the plaintiff made no claim to the rent, and, though he lived in the same house with the defendant, never talked with him upon the subject of rent in any way, and never took any step that could be construed as an attempted re-pudiation of his wife's authority to treat the rented rooms as her own and to do with them what she pleased.    There is nothing to show that she was acting as the mere agent of her husband at the time the rooms were rented, or subsequently thereto, and the husband did not claim, and does not now claim, any right to the rent sued for.    The sole ground

upon which the claim is based that the husband was in fact the landlord is his ownership of the property.

It was competent for the defendant to show that he did not rent the property from the plaintiff and that he did rent it from some one else. But this he might not do by showing that the lessor did not own the leased premises. The rule that, under such circumstances as are disclosed here, the tenant cannot question the title of his landlord, is so nearly axiomatic in the law that it is unnecessary to cite authority to support it. There was no competent evidence from which a jury would be warranted in finding that the relation of landlord and tenant did not exist between the parties. This conclusion renders it unnecessary to consider the effect of the failure of the defendant to comply with the provisions of secs. 3619 and 3620, Stats. (1898), if he desired to raise the question of title.

2. As to the existence of most of the acts which constituted the alleged eviction, there was a dispute in testimony, and it was for the jury to determine the existence or nonexistence of such alleged facts. As to the failure of the plaintiff to keep the gas heater in the bath room in a state of repair for a considerable length of time, about which there was no substantial dispute in testimony, this court cannot say as a matter of law that it was of sufficient moment to constitute a constructive eviction. If, instead of submitting to the jury the sufficiency of the details relied on to constitute an eviction, the trial court had held as a matter of law that they were insufficient, we would feel loath to disturb his conclusion in this regard. *Young v. Burhans,* 80 Wis. 438, 50 N. W. 343; *De Witt v. Pierson,* 112 Mass. 8; *Taylor v. Finnigan,* 189 Mass. 568, 573, 76 N. E. 203; Wood, Landl. & T. (2d ed.) sec. 477.

3. The third question in the special verdict is the following: "Was the defendant evicted from the leased premises?" to which the jury answered "No." Counsel claims that it

was error to submit this question to the jury, as it called for a conclusion of law and not of fact, and argues that the question should be: "Was the gas heater out of repair?" etc. The court instructed the jury on the law pertaining to constructive eviction. No exception was taken to such charge. The question submitted was proper and the one now suggested would have been immaterial, as it merely went to evidentiary facts, which at best only tended to show eviction and not to conclusively establish it.

*By the Court.*—Judgment affirmed.