HARPER, Respondent, vs. McMahon, Appellant.

*April 8—April 30, 1918.*

*Landlord and tenant: Agreement to furnish heat: Construction: Breach: Eviction.*

1. Under a lease in which the landlord agrees to furnish heat in a city apartment, the tenant is entitled to sufficient heat to make the rooms generally comfortable to dwell in for ordinary persons, due regard being had to the kind of use for which each room is intended, and excluding lapses due to sudden and severe changes in temperature, to occasional inattention by the janitor, or to the necessity of making repairs to the heating plant, or to other unforeseen or excusable causes.
2. To constitute an eviction in such a case by reason of lack of heat the apartment need not be continuously cold.
3. A tenant is entitled to the use of the entire premises rented by him, and the landlord cannot excuse a wrongful eviction from a portion thereof by the plea that the tenant can use the remainder.
4. The evidence in this case is *held* to show a failure by the landlord to furnish adequate heat, constituting a breach of the lease and an eviction.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

Action begun in the civil court to recover a balance of rent due on the lease of a flat, vacated by defendant because he claimed adequate heat was not furnished as provided for in the lease. Defendant rented the flat in August, 1913; paid rent till the 1st day of March, 1914, and vacated it the latter part of February of that year. The civil judge found as facts "that from and after the third week in December of the

year 1913 the said plaintiff failed and neglected to furnish heat to the said apartment as required by said lease, and continuously thereafter failed and neglected to so operate the heating apparatus of said building so as to furnish heat reasonably required for the habitation of said apartment." He further found that defendant notified the agent in charge of the flat of the lack of heat at least once in December, 1913, once in January, 1914, and twice in February, 1914, and he also notified the janitor at least six different times and that at least two of such notices to the janitor were by him communicated to the agent in charge of the flats. As conclusions of law he found that plaintiff's failure to furnish adequate heat constituted a breach of the lease and an eviction and that defendant was entitled to a judgment dismissing the action upon the merits. From a judgment entered accordingly the plaintiff appealed to the circuit court. It held the evidence did not show a breach of the lease or an eviction and entered judgment for plaintiff for the balance of the rent due after March 1, 1914. The defendant appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent there was a brief by *W. J. McElroy,* and oral argument by *L. R. Potter,* both of Milwaukee.

Vinje, J. The learned circuit judge must have proceeded upon an erroneous idea of what constitutes an eviction by reason of lack of heat in reaching the conclusion that there was no breach of the lease in this case because of deficient heating. He says in his opinion, "There is testimony that the apartment was cold upon occasions, but I do not think it justifies the conclusion that it was *continuously* cold so as to make it not habitable." A dwelling need not be continuously cold in order to be uninhabitable within the meaning of a

lease agreeing to furnish heat in a city apartment. Under such an agreement the tenant is entitled to sufficient heat to make the apartment generally comfortable to dwell in for ordinary men, women, and children. That there may be lapses from such a condition owing to the severity and sudden changes of our climate, to occasional inattention on the part of the janitor, to necessary repairs of the heating apparatus, or other excusable causes, without constituting an eviction, is well settled. Such was the ruling in *Northwestern R. Co. v. Hardy,* 160 Wis. 324, 151 N. W. 791. The circuit judge further states that "the occasional freezing up of the maid's bathroom would not be sufficient to justify the conclusion that there was an eviction. There was another bathroom which she was at liberty to use." It is true that occasional freezing up of the maid's bathroom might not constitute an eviction, but not because her mistress, as in this case, allowed her to use her bathroom, but because the freezing was only occasional and excusable. A tenant is entitled to the use of the entire premises rented by him, and the landlord cannot excuse a wrongful eviction from a portion thereof by the plea that the tenant can use the remainder. We reach the conclusion that the learned circuit judge erred in his conception of what constituted an eviction the more readily because the evidence, practically without dispute, sustains the findings of the civil court as to the lack of heat. That being so, we cannot assume that the circuit judge was unmindful of the oft-repeated rule that findings of fact made by the civil court should not be set aside by the circuit court upon appeal unless against the clear preponderance of the evidence. *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879; *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65, 159 N. W. 557. Here the evidence showed that the defendant and his family were troubled almost constantly by a low temperature. They had to go to bed at 10 or a quarter past to keep warm. Early in the morning the temperature was

from 40 to 50 degrees.   In the afternoon it would go up to 60, 62, or 63 degrees, and then in the evening it would get warm.   One bathroom froze up three times in one week, and the maid's bathroom was frozen up for two weeks, and she could not sit in her room at all evenings without wraps on, and the family often had to sit in their wraps to keep warm. This lack of heat was not denied by the evidence of plaintiff. All it tends to show is that the heating plant, if properly run, was adequate to heat the apartment, and that it was customary to shut off heat at night except in the coldest weather.   In view of the uncontradicted evidence as to the continued lack of heat and the repeated notice thereof to plaintiff, the circuit court should have affirmed the judgment of the civil court.   There can be no doubt that under the evidence, only a portion of which is here given in substance, there was in this case a failure to furnish the required amount of heat.   That amount, as before stated, is such as will render the temperature of the rooms reasonably comfortable for the average person generally during the time they are customarily occupied, due regard being had to the kind of use for which each room is intended and excluding lapses due to sudden and severe changes in temperature, to occasional inattention by the janitor, or to the necessity of making repairs to the heating plant, or to other unforeseen or excusable causes. Otherwise the temperature must be maintained at such a degree as will render the rooms reasonably comfortable for the ordinary tenant during the time they are usually occupied for the intended purposes.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.