ALDERSON, APPELLANT, *v.* REPUBLICAN-COURIER CO.,
RESPONDENT.

(No. 5,336.)

(Submitted November 19, 1923.   Decided December 17, 1923.)

[221 Pac. 544.]

*Landlord and Tenant—Unlawful Detainer—Leases—Renewal
—Construction — Dependent and Independent Covenants —
Uncertain Clause—Invalidity.*

Landlord and Tenant—Leases—Dependent and Independent Covenants—
Construction.
  1.  Whether covenants and agreements in a lease are to be construed
  as independent or dependent depends upon the intention of the
  parties to be collected from the lease, a construction which holds
  them independent rather than dependent being favored.

Same—Leases—What Covenants Deemed Independent.
  2.  Where a covenant in a lease goes only to a part of the con-
  sideration on both sides and a breach of such covenant can be
  readily compensated for in damages, it is generally considered in-
  dependent and not a condition precedent.

Same—Leases—Renewal—Construction—Rules of Grammar.
  3.  *Held,* under the rule of grammatical construction that relative
  words generally relate to the last sensible antecedent, that the words
  in a lease of a business block giving the lessee the option to renew
  it "subject to all of the terms and conditions herein specified" re-
  ferred to matters to be incorporated in the new lease, and not to
  the conditions under which the lease was renewable.

Same—Leases—Independent Covenants—Breach—Rights of Action.
  4.  Where covenants in a lease are independent, each party may sue
  upon the covenant of the other without reference to whether or not
  he has performed his own covenant.

[69 Mont. 271.]

Same—Leases—Renewal—Right not Lost by Breach of Independent Covenant.

5. Where the lessee's right to a renewal of the lease is not made dependent upon his performance of his agreements in the lease, such right is not lost through a breach of independent agreements on his part.

Same.

6. Where a lease of a building among other things provided that the upstairs unfinished portion of it should be completed by the lessee, his right to a renewal was not forfeited by his failure to do so, since the lessor's damages for failure to complete it could be readily ascertained and amply compensated, and such right of renewal was not made dependent upon compliance with that covenant.

Pleading and Practice — Complaint — Sufficiency—Demurrer—Truth of Allegations Assumed.

7. On attack of the sufficiency of the complaint by demurrer to state a cause of action its allegations must be taken as true.

Landlord and Tenant—Leases—Covenant Void as Too Uncertain.

8. A covenant in a lease of a building which required the lessee to complete the upstairs portion thereof without any specifications as to how it was to be completed, whether for office, living-room or storage purposes, or as to the kinds of materials to be used, *etc.*, *held* so vague and uncertain as to be incapable of enforcement and therefore void under section 7501, Revised Codes of 1921.

Same—Written Leases—Parol Testimony to Supply Material Stipulations Inadmissible.

9. Parol testimony is inadmissible to supply material stipulations in a written contract of lease, which, because of their absence, is rendered unenforceable.

*Appeal from District Court, Gallatin County, in the Ninth Judicial District; Wm. E. Carroll, a Judge of the Second District, presiding.*

ACTION by Margaret C. Alderson against the Republican-Courier Company. Judgment for defendant and plaintiff appeals. Affirmed.

*Mr. Walter S. Hartman* and *Mr. Frank M. Gray*, for Appellant, submitted a brief; *Mr. Hartman* argued the cause orally.

Is the covenant for completion so vaguely expressed as to be wholly unascertainable and therefore void within the meaning of section 7501, Revised Codes of 1921?

9. Parol evidence rule as applied to leases, see note in 25 A. L. R. 787.

Supplementing lease by proof of collateral oral agreement, see note in Ann. Cas. 1914A, 456.

We state our contention in the language used in *McDonald*
v. *McNinch,* 63 Mont. 308, 206 Pac. 1096: "It it not material
to inquire whether the terms of this contract might or might
not have been expressed more definitely.   It may be conceded
that there are ambiguities and uncertainties present but this
court is not authorized to declare the lease void unless the con-
clusion is compelled that its object is wholly unascertainable."
(See, also, *Alywin* v. *Morley,* 41 Mont. 191, 108 Pac. 778;
*Barkemeyer Grain & Seed Co.* v. *Hannant,* 66 Mont. 120, 213
Pac. 208; *Winkelmann* v. *Minnesota Mutual Life Ins. Co.,* 66
Mont. 45, 213 Pac. 1104; *Berne* v. *Stevens* (Mont.), 215 Pac.
803.)

We submit that in the light of the authorities above cited
and the language of the covenant of the lease under considera-
tion and the allegations of the amended complaint with refer-
ence to it, the lower court erred in sustaining the demurrer
in that he failed to observe the difference between a contract,
the provisions of which are vague or indefinite (as it may be
conceded is the case here) and one the meaning of whhich
cannot be determined, and that under the common-law rule,
"that is certain which can be made certain" (Rev. Codes 1921,
sec. 8767), the clause in question, so far from being void, is
valid and enforceable.

*Mr. George Y. Patten,* for Respondent, submitted a brief,
and argued the cause orally.

While the court will not declare contracts unenforceable if
from the surrounding circumstances it can be ascertained what
the ambiguous language means, it will not, when there is a
written contract which does not definitely show the intention
of the parties, hear oral evidence to determine—not what the
language means—but what was in fact agreed upon by the
parties at the time, which the written contract does not show.
(13 C. J. 525; *Butte Water Co.* v. *Butte,* 48 Mont. 386, 391,
138 Pac. 195; *Cobban Realty Co.* v. *Donlan,* 51 Mont. 58, 65,
149 Pac. 484; *Hargreaves* v. *Burton,* 59 Utah, 575; 6 R. C. L.

643 *et seq.; Price* v. *Stipek,* 39 Mont. 426, 104 Pac. 195;
*Donovan* v. *Bull Mountain Trading Co.,* 60 Mont. 87, 198 Pac.
436; *Schwab* v. *McVey,* 54 Mont. 422, 425, 171 Pac. 277;
*Burton* v. *Kipp,* 30 Mont. 275, 76 Pac. 563; *Ahlstrom* v. *Fitz-
patrick,* 17 Mont. 295, 42 Pac. 757; *Taylor* v. *Portington,*
7 De Gex, M. & G. 328, 56 Eng. Ch. 328, 44 Eng. Reprint, 128;
*United States* v. *New York Press Co.,* 164 N. Y. 406, 53
L. R. A. 288, 58 N. E. 527.)

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiff brought this action against the defendant for the
purpose of recovering possession of a city lot and the building
thereon alleged to have been unlawfully detained and held
over by the defendant after the expiration of the term of a
lease under which the defendant had gone into possession.

The amended complaint alleges the ownership of the prop-
erty by the plaintiff and the corporate capacity of the de-
fendant, following which allegations the lease in question is set
forth in full and shows that it was executed on May 10, 1912;
that it demised and let the premises to the defendant for a
term of ten years from its date "in consideration whereof the
second party agrees to pay to the first party, as rental for
the said premises, the sum of $150 per month for each and
every month of said term, payable on the tenth day of each
month. It is further agreed that the upstairs portion of the
rear part of the building on the premises hereby leased is to
be completed by the party of the second part, and that any
and all changes or additions to the building on said premises,
which may be made during the term aforesaid, shall be made
at the expense of the second party without cost and expense
to the first party." Then follow covenants requiring the
lessor (plaintiff) to make such other repairs as may be neces-
sary to keep the building tenantable, pay taxes on the prem-
ises, *etc.,* and that the lessee (defendant) shall pay for the
water, light and heat of the building and comply with the

city ordinances relating to disposal of rubbish, keeping the sidewalks clear of snow and other similar regulations.

The renewal clause contained in the lease reads: "It is further agreed that the party of the second part shall have and it is hereby given the privilege and option of renewing this lease, (subject, nevertheless, to all the terms and conditions herein specified), for a period of ten years from and after the date of the expiration of the term aforesaid; provided, that if the second party shall desire to avail itself of such option, it shall signify in writing to the first party its intention of so doing, not less than ninety days prior to the expiration of the term aforesaid."

The concluding paragraph of the lease is as follows: "And the said party of the first part does hereby covenant, promise, and agree that the said party of the second part, paying the said rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold, and enjoy the said premises for the term aforesaid."

Paragraph 5 of the amended complaint is as follows: "That the plaintiff has fully kept and performed all of the conditions and covenants of said lease on her part, but the defendant has failed, neglected and refused to perform the conditions and covenants of said lease upon its part, in this, to-wit: That at the time of the execution and delivery of said lease, the upstairs portion of the rear part of the building on the premises described in said lease (which upstairs portion consists of a large room, approximately sixty feet in length by twenty-three feet in width), was uncompleted, in that there was no floor therein; it had not been plastered; there were no casings therein; there was no stairway connecting the ground floor of said building with said uncompleted portion thereof; there was no plumbing, toilet, or lavatory, no partitions, and no painting had been done; and it was understood and agreed between the parties that the same should be properly floored, plastered, painted, and the necessary partitions, casings and woodwork put up, the stairway constructed and completely

finished, and all necessary plumbing for heating, toilet, and lavatory installed and completed, all in the usual workman-like fashion, all of which the parties had in mind and intended by the clause of the lease providing that the 'upstairs portion of the rear part of the building on the premises hereby leased is to be completed by the party of the second part.'

"That said covenant for the completion of the said upstairs portion of the rear part of said building was a material covenant of said lease, and the completion of the same by defendant, at its expense, in manner and form as above specified, was deemed and understood: by both parties to said lease to be, and it was, an essential part of the consideration for said lease and a moving cause for its execution and delivery by plaintiff, without which plaintiff would not have executed or delivered the same, as defendant then and there knew. But the defendant failed, neglected, and refused to do or perform any of the things necessary to be done and performed for the completion of said upper portion of said building, except that defendant has put on a small part of the plastering necessary to be put on, and has constructed a rough temporary stairway from the lower part of the said building to the upstairs portion of the rear end thereof, all to the damage of said plaintiff in the sum of $2,000."

Following this are allegations that defendant, notwithstanding it had not completed said building in accordance with the terms of the lease, did, more than ninety days before the expiration of the term thereof, signify to the plaintiff its desire and intention to avail itself of the option contained therein to renew the same for a period of ten years, and thereupon the plaintiff, by reason of the failure of the defendant to complete the designated portion of the building, declined and refused to renew the same for any period whatever, and likewise demanded of the defendant the possession of the leased premises, and demanded of and requested defendant that it comply with the terms of said lease by completing the rear portion of the upstairs of said building, with all of which

demands the defendant refused and neglected to comply; that, notwithstanding these things, the defendant continued to hold over the premises after the tenth day of May, 1922, without the consent or permission of the plaintiff, and refused to surrender the same to her as provided in the lease and unlawfully detains the same. The prayer of the complaint is for possession of the premises and for damages.

To this amended complaint the defendant demurred, on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that causes of action have been improperly united; and (3) that the complaint is ambiguous, unintelligible and uncertain. After argument, the demurrer was sustained. The plaintiff elected to stand upon her amended complaint, whereupon judgment was rendered for the defendant, from which the plaintiff has appealed. The only question presented on the appeal is whether the court erred in sustaining the demurrer.

1. Plaintiff's right to recover in this case depends solely upon whether she was justified in refusing to renew the lease on the demand made upon her by the defendant. She based her refusal upon the fact alone that defendant had not complied with the provisions of the lease by which it covenanted to complete the upstairs portion of the rear part of the building. This makes it necessary to determine whether the defendant's right to demand a renewal of the lease was dependent upon its previous compliance with the covenant to complete—in other words, whether these two covenants are independent or dependent.

Whether covenants and agreements in leases on the part of [1] the lessor and lessee are to be construed as independent or dependent depends upon the intention of the parties to be collected from the lease. (18 Am. & Eng. Ency. of Law, 619; *Barnes* v. *Strohecker*, 17 Ga. 340; 1 Underhill on Landlord and Tenant, sec. 384; 1 Tiffany on Landlord and Tenant, sec. 51; *Palmer* v. *Meriden Britannia Co.*, 188 Ill. 508, 59 N. E. 247; *Lewis* v. *Chisolm*, 68 Ga. 40; *Bryan* v. *Fisher*, 3 Blackf.

(Ind.) 316; *Freeland* v. *Mitchell,* 8 Mo. 487; 1 McAdam on Landlord and Tenant, sec. 122, p. 390.) And the courts should lean to a construction which holds the covenants independent rather than dependent. (*Newson* v. *Smythes,* 3 H. & N. 840; 1 Underhill on Landlord and Tenant, *supra.*) "It is a general rule that covenants are to be treated as independent, rather than as conditions precedent, especially where some benefit has been derived by the covenantor." (Woods on Landlord and Tenant, p. 509, sec. 312.)

Where a covenant goes only to a part of the consideration [2] on both sides and a breach of such covenant may be readily compensated for in damages, it is generally considered independent. (*Butler* v. *Manny,* 52 Mo. 497.)

Under the rules of grammatical construction that relative [3] words generally relate to the last sensible antecedent, the expression "subject, nevertheless, to all of the terms and conditions herein specified" in the renewal covenant has reference to the matters to be incorporated in the new lease, and not to the conditions under which the lease may be renewed. (*State* v. *Centennial Brewing Co.,* 55 Mont. 500, 179 Pac. 296.)

An examination of the covenant for renewal above set forth discloses that the right to renew is not made dependent upon performance by defendant of any other covenants or agreements, and there is nothing in the lease as a whole to indicate that the parties intended that such should be the case.

If the defendant has breached a covenant to complete the [4] upstairs portion of the rear part of the building, the damages accruing to the plaintiff therefor may be readily and adequately compensated. Where covenants are independent, each party may sue upon the covenant of the other without reference to whether or not he has performed his own covenant. (1 Underhill on Landlord and Tenant, sec. 384; *Clark* v. *Ford,* 41 Ill. App. 199; *Atlantic Ave. R. Co.* v. *Johnson,* 134 N. Y. 375, 31 N. E. 903; *Newman* v. *French,* 45 Hun (N. Y.), 65; 18 Am. & Eng. Ency. of Law, 2d ed., 620; Mc-

Adam on Landlord and Tenant, p. 391; *Young* v. *Burhans,* 80 Wis. 438, 50 N. W. 343; *Tracy* v. *Albany Exchange,* 7 N. Y. 472, 57 Am. Dec. 538.)

Where the lessee's right to demand a renewal is not made [5] dependent upon his performance of his agreement in the lease, such right is not lost through a breach of independent agreements on his part.   (18 Am. & Eng. Ency. of Law, 2d ed., 692; 24 Cyc. 1002.)

Counsel for appellant cite *Swift* v. *Occidental Mining Co.,* 141 Cal. 161, 74 Pac. 700.   This case involved a lease of land known to contain petroleum.   The lessees were granted the exclusive right to extract therefrom and dispose of the mineral content of the land for a term of ten years, to sink wells, construct roads and erect buildings thereon necessary for such purpose, upon specified terms and conditions relative to commencement, prosecution and continuity of development and payment to lessors of a part of the net proceeds; and the lease finally provided, in the words of the opinion, "that a faithful compliance with these covenants should entitle the grantees or their assigns to a renewal for a like term."   The right to a renewal was involved, and it was contended that the conditions upon which the covenant to renew was made to depend had not been kept; on the other part it seems to have been asserted that the failure of the lessors to insist on a forfeiture of the lease for covenant broken precluded them from refusing to renew.   The court, in disposing of these contentions said: "The neglect of the landlord to strictly enforce his right of forfeiture for breach of condition does not entitle the tenant to a renewal when such renewal is dependent upon faithful performance of conditions."   The language quoted distinguishes that case from this, because here the right of renewal is not made dependent upon the performance by the lessee of any precedent conditions.

It is our opinion that, even though the covenant of the [6] lease for the completion of the designated portion of the building was enforceable and the defendant was in default

for failure to make such completion, still the right to a renewal of the lease was not forfeited, since plaintiff's damages therefor could be readily ascertained and amply compensated, and such right to renewal was not made dependent upon compliance with this covenant.

2. The second question presented is whether the covenant for completion is so vaguely expressed as to be wholly unascertainable, and therefore void within the meaning of section 7501, Revised Codes of 1921.

It is to be assumed that the plaintiff, in paragraph 5 of her amended complaint above quoted, has fully stated her contention of what was in the minds of and agreed to by the parties at the time the clause in the lease providing that "the upstairs portion of the rear part of the building on the premises hereby leased is to be completed by the party of the second part" was inserted, and that this expression, supplemented by the allegations of this paragraph, constituted the entire transaction between them upon this subject. Such being the case, the contract between the parties, according to the plaintiff, was: "The upstairs portion of the rear part of the building on the premises hereby leased, consisting of a large room approximately sixty feet in length by twenty-three feet in width, shall be properly floored, plastered, painted, and the necessary partitions, casings and woodwork put up, the stairway connecting the ground floor with the upstairs constructed and completely finished, and all necessary plumbing for heating, toilet, and lavatory installed and completed in the usual workmanlike fashion."

For the purpose of determining the sufficiency of the complaint to withstand the attack on it by demurrer, we [7] assume that all the above allegations are true. Still, this contract is left in such an indefinite state that it could not be enforced. No one could take the specifications and complete the upstairs portion of the rear end of the building from them. [8] So far as these specifications indicate, the parties did not agree upon the number of rooms into which the space was

to be divided; whether they were to be finished for offices, living-rooms or storage purposes; the kind of lumber which was to be used for finishing; how many lavatories or of what quality were to be installed; whether the plumbing for heating was to be for hot water, steam or vapor. All these things and many others would necessarily have to be known in order to determine the meaning of the expression "to be completed," as used in the lease. None of them, however, so far as disclosed by the amended complaint, were even considered, much less agreed upon, by the parties to the lease at the time of its execution. What they had in mind and intended by the clause in question, as indicated in the paragraph of the amended complaint above quoted, was as indefinite and uncertain as the expression in the lease itself. For the court [9] to permit these evident deficiencies to be supplied by parol testimony would amount to the making of a new contract for the parties by supplying material stipulations in the one made, which it does not contain, and this cannot be done.

For both of the reasons above indicated, the demurrer to the amended complaint was properly sustained and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.