SCHAAF, Appellant, v. NORTMAN, Respondent.

*March 7—April 2, 1963.*

For the appellant there were briefs by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *Carl R. Becker.*

For the respondent there was a brief by *Emil W. Hokanson,* attorney, and *Hayes & Hayes* of counsel, all of Milwaukee, and oral argument by *Mr. Hokanson* and *Mr. Hanlin J. Hayes.*

FAIRCHILD, J. The issue on appeal is whether the findings made by the county court support its conclusion that defendant Nortman was constructively evicted.

Certain general principles must be applied.

"It is now well established that any disturbance of the tenant's possession by the landlord, or someone acting under his authority, which renders the premises unfit for occupancy for the purposes for which they were demised or which deprives the tenant of the beneficial enjoyment of the premises, causing him to abandon them, amounts to a constructive eviction, provided the tenant abandons the premises within a reasonable time." [1]

---

[1] 32 Am. Jur., Landlord and Tenant, p. 231, sec. 246.

"A mere slight temporary inconvenience to the tenant does not justify him in throwing up his lease. A trivial breach is not sufficient, but the breach must be substantial and of such duration that it can be said that the tenant has been deprived of the full use and enjoyment of the leased property for a material period of time. . . .

"The landlord is entitled to notice . . . and has a reasonable time after notice is given to remedy the defect complained of, and until such time has elapsed the tenant has no right to quit the premises because of the alleged breach." [2]

Paragraph 5 of the findings is a list of deficiencies found to have existed. Several, relating to the location of switches and valves, involve conditions which existed when Nortman, after twice inspecting the premises, entered into the lease. They were open to observation, and were not of great materiality in any event.

Several other items are inconveniences which occurred once, such as the shutting off of electric power for a proper purpose, but without notice. The evidence discloses that when the refrigerator failed, it was repaired.

All the items appear to have been temporary or trivial or both with the possible exception of deficiencies of heat and hot water. In those respects the finding was "that the heat on occasions was turned on late, and that hot water was not always available."

Mr. Nortman testified that the caretaker worked a night shift and slept late in the morning, and on a number of occasions after cold weather started, the apartment remained cold until late in the morning. It was uncomfortably cold, although he could not tell what the temperatures were except that it dropped substantially below 70 "a lot more than a dozen times." There was no testimony explaining the control

---

[2] *Northwestern Realty Co. v. Hardy* (1915), 160 Wis. 324, 326, 151 N. W. 791. See Rapacz, Origin and Evolution of Constructive Eviction in the United States, 1 De Paul Law Review (1951), 69.

the caretaker had over the provision of heat, except for the caretaker's testimony that the stoker was controlled by a thermostat which was always set at 75 degrees during the winters months. The thermostat was in the hall, the coldest place in the building.

Mr. Nortman testified generally that there was not hot water at all times. On cross-examination he was unable to say how frequently this occurred, except that it happened irregularly and more than once a month. Apparently he considered the tanks of insufficient size for the number of persons in the building.

This court has stated that under an agreement to furnish heat in a city apartment,

". . . the tenant is entitled to sufficient heat to make the apartment generally comfortable to dwell in for ordinary men, women, and children. That there may be lapses from such a condition owing to the severity and sudden changes of our climate, to occasional inattention on the part of the janitor, to necessary repairs of the heating apparatus, or other excusable causes, without constituting an eviction, is well settled." [3]

This court approved a trial court determination of constructive eviction by failure to furnish heat in the *Harper Case.* There, however, the facts proved included the substantially insufficient temperatures experienced and the fact that the condition occurred during the morning and afternoon of almost every day.

We conclude that the occasional lack of heat and hot water as found by the court in this case is not of sufficient severity or frequency to say that Nortman was deprived of the full use and enjoyment of the leased property for a material period of time. It seems most unlikely that any deficiency as to heat had anything to do with Mr. Nortman's decision to move.

---

[3] *Harper v. McMahon* (1918), 167 Wis. 388, 390, 167 N. W. 431.

He testified:

"We first became interested in buying a home when we realized that it was impossible to live anymore under the conditions we had to live in Mr. Schaaf's apartment and that it would be a horrendous undertaking in a construction way for him to rectify the things that had to be rectified . . . I would say it was the first part of November."

Although Mr. Nortman testified in very general terms that he had repeatedly complained to the caretaker about deficiencies, and had complained to Schaaf about some of them during the summer of 1960 when Schaaf was in Milwaukee, there was a conflict in testimony on this issue. The only finding made by the court as to notice related to Nortman's conversation with Schaaf's attorney about November 15th. All that the evidence shows about that conversation is that Nortman told Becker he had bought a home and was going to move about February 1st. If it may be inferred that he must have expressed dissatisfaction with the leased premises, there is nothing to indicate the matters of which he complained other than the lack of servants' quarters about which he had written the bank.

If defendant had legitimate serious complaints about the premises or the services provided, there appears to be no reason why he would not have made them specifically to the bank, the attorney, or Mr. Schaaf. In a similar case we have held that notice of such complaints should be given to the agents to whom rent was paid rather than to the janitor.[4] The findings do not show that Nortman gave Schaaf notice and a reasonable opportunity to correct deficiencies even if the deficiencies were substantial enough to constitute constructive eviction if not remedied.

The county court allowed unpaid rental to April 1, 1961, interest thereon, and costs. The trial began December 7.

---

[4] *Northwestern Realty Co. v. Hardy, supra,* footnote 2, p. 328.

1961. The judgment should have included unpaid rental to December 1st, and interest thereon, without prejudice to any right Schaaf might have to recover in a later action unpaid rentals beginning December 1st. Rent for the period from April 1st to December 1st amounts to $3,000. Interest on those instalments to date of judgment amounts to $81.12. The judgment is to be increased by adding those amounts.

*By the Court.*—Judgment modified by adding the sum of $3,081.12 and, as so modified, affirmed.

WILKIE, J., took no part.

DIETERICH and GORDON, JJ. (*dissenting*). Mr. Nortman, the tenant, testified that with the onset of cold weather the premises were cold until late in the morning, and that the room temperature dropped substantially below 70 degrees. He testified that this "happened a lot more than a dozen times."

There is nothing inherently incredible about this testimony. In our opinion, this supported the judge's finding of fact "that the heat on occasions was turned on late." This finding is not against the great weight and clear preponderance of the evidence. The absence of sufficient heat could reasonably be found to have deprived the tenant of the full use and enjoyment of the property. It supports the trial court's conclusion of law that there was a constructive eviction.

We, therefore, would affirm without the modification made by the majority.